Mathews, J.
delivered the opinion of the court. This suit was instituted in the court below, by the appellant, to recover the negro woman and her child, mentioned in the petition.
From the statement of facts, it appears that the parties were about to make an exchange of slaves, who to this effect were reciprocally delivered, and a notary public was instructed to make out two bills of sale, in conformity to the terms of the intended exchange; but, previous to the completion of the contract by the signature and acceptance of the bills of sale, the plaintiff and appellant discovered that the negro woman, whom he was to receive in exchange, was affected with a disease of the liver, which being considered as incurable by a physician, in whose skill and judgment he confided, he refused to complete the contract, and withheld his signature from the bills of sale, by which he was to transfer and accept a title to the slaves. At the same time, or shortly after, he requested the defendant and appellee to return to him his negro woman and child, and take back his own. This *210 being refused, the present action was instituted, in which the parish court gave judgment for the defendant, whereupon the plaintiff appealed.
It appears from the statement of facts, that the slave, delivered by the defendant to the plaintiff, was not, during the time in which the latter had her in his possession, capable of working, but remained useless to him, until her death, after the institution of the suit.
Two questions are raised for the determination of this court. 1. Was the plaintiff and appellant, by virtue of this oral agreement, with the defendant, to exchange slaves and the mutual delivery of them, divested from his legal title to those which he thus delivered and now claims? If so, ought the contract to be rescinded, on account of the diseased state of the slave, which he received in exchange?
I. The contract, having for its object a transfer of the title in the slaves, is not complete and binding on the contracting parties, because it Was not executed in the manner prescribed by law, Which requires that sales of immoveable property or slaves shall be made by authentic act or under private signature; and it is further declared, that verbal sales of these things *211 shall be null, as well as to third persons, as between the parties, and the testimonial proof of them shall not be admitted. Code Civil, 344.
On these principles, the case of Raper’s heirs vs. Yocum was decided, 3 Martin 443, and they are equally applicable to the contract of exchange as well as to that of sale. Code Civil 370, art. 8.
If, for want of the necessary formalities, the contract is null and void, even in relation to the parties themselves, the title to the slaves in question has not been changed by it, and the plaintiff and appellant still remains the legal owner of those, for the recovery of whom the present action is instituted.
II. This being the opinion of the court on the first question, it is unnecessary to consider the second.
The law then is in favor of the claim, and according to the facts in the case, it is equally supported by equity and justice.
The judgment Of the parish court is erroneous in toto. It is therefore ordered, adjudged and decreed, that it be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed by this court, that the plaintiff and appellant do recover, from the defendant and appellee, *212 the negro woman Polly and her child Mary Ann, mentioned in the petition and also damages, at the rate of one hundred dollars per annum, for the use and detention of them, to be calculated from the legal demand, until the period at which he shall again be possessed of them. See post April term 1816.
Ellery & Smith for the plaintiff, Porter & Depeyster for the defendant.